UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JOANNA MALAVE,

                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICERS
DEBORAH JAMES (Shield 24989), NICOLE FERRY,
JOHN DOES 1-10.

                                 Defendants.

**CV 11 - 5727**

**COMPLAINT**

Jury Trial Demanded

-------------------------------------------------------------------- x

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2011 ★
BROOKLYN OFFICE

KUNTZ, J.
LEVY, M.J.

## PRELIMINARY STATEMENT

1.    This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on May 24, 2010 defendants falsely arrested her, used excessive force and made false allegations about her to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper here pursuant to 28 U.S.C. § 1391.

## **PARTIES**

4.  Plaintiff is a resident of the State of New York.

5.  The City of New York is a municipal corporation organized under the laws of the State of New York.

6.  Police Officers John Does (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## **STATEMENT OF FACTS**

7.  At or about 6:00 p.m. on May 24, 2010, plaintiff was lawfully walking in the vicinity of 1047 Liberty Avenue in Brooklyn, NY.

8.  Plaintiff was on her way to buy a birthday cake for her daughter while her brother, Michael Malave, double parked and waited in his car.

9.  Two female Officers approached and began to issue Michael Malave a ticket, scanning his registration.

10. When the Officers were finished writing the ticket, they placed it in the window.

11. Plaintiff then walked over to the vehicle and grabbed the ticket, asking the Officers why the ticket was issued.

12. Plaintiff then got into the backseat of the car to strap her daughter into the backseat.

2

13. At that point, one of the Officer pulled Plaintiff out of the car, yelling "get the fuck out of the car" and calling her a "nasty Spanish bitch".

14. Plaintiff's mother, Gladys Malave, exited the bakery that Plaintiff had just visited and demanded to know what was going on.

15. An Officer then grabbed Plaintiff by the hair and threw her into the back of a squad car.

16. A third Officer arrived on the scene and told the two female Officers to arrest both Plaintiff and her mother

17. Plaintiff and her mother were then taken to the 75th Precinct.

18. Plaintiff's mother was visibly upset, prompting the Officers to threaten to take her to Bellevue Hospital.

19. At around 2:00 p.m. on May 25, 2010, Plaintiff was taken to Brooklyn Central Booking.

20. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Assault, Attempted Assault and Harassment.

21. Plaintiff was arraigned in Kings County Criminal Court at around 12:00 a.m. on May 26, 2011, over 30 hours after her initial arrest.

22. Plaintiff's mother was not released until the late morning of May 26, 2011.

23. On June 15, 2011, Plaintiff's criminal charges were adjourned in contemplation of dismissal, over one year after her initial arrest.

24. Plaintiff was deprived of her liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to her reputation and loss of income.

## FIRST CLAIM
## (§1983 FALSE ARREST)

25. Plaintiff repeats the foregoing allegations.

26. No officer observed plaintiff commit a crime on May 24, 2010.

27. At no time on May 24, 2010 did plaintiff commit a crime.

28. Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM
## (UNREASONABLE FORCE)

29. Plaintiff repeats the foregoing allegations.

30. In the course of arresting plaintiff, the officers beat pulled her hair for no reason.

31. This use of force was objectively unreasonable.

32. Accordingly, defendants violated the Fourth Amendment and New York State law because they used unreasonable force on Plaintiff.

## THIRD CLAIM
## (§1983 FABRICATION OF
## EVIDENCE)

33. Plaintiff repeats the foregoing allegations.

34. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

35. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

36. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

## (§1983 MONELL CLAIM)

38. Plaintiff repeats the foregoing allegations.

39. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

40. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

41. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

5

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i. Compensatory damages in an amount to be determined by a jury;

ii. Punitive damages in an amount to be determined by a jury;

iii. Costs, interest and attorney's fees;

iv. Such other and further relief as the Court may deem just and proper.

DATED:     November 16, 2011

New York, New York

CHRISTOPHER D. WRIGHT (CW-8079)
Attorneys at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419